IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

    v.

JOHN DOE,

    Defendant.

CIVIL NO.: WDQ-14-0252

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Malibu Media, LLC ("Malibu Media") sued Defendant John Doe[1] for copyright infringement under 17 U.S.C. § 101 et seq. Pending is the Defendant's motion to quash a subpoena. For the following reasons, the Defendant's motion to quash will be denied.

I.   Background

On January 28, 2014, Malibu Media filed a complaint against Defendant John Doe alleging that the Defendant used a file distribution network called BitTorrent to illegally obtain Malibu Media's copyrighted movies. See ECF No. 1 at 3-4. On January 28, 2014, Malibu Media filed a motion for expedited discovery, seeking to serve a subpoena on Comcast Cable, the

---

[1] Defendant Doe is identified as the subscriber assigned Internet Protocol address ("IP address") 69.251.42.164. See ECF No. 1 at 1.

Internet Service Provider ("ISP") associated with the Defendant's IP address, to learn the subscriber's identity. *See* ECF No. 4-1 at 3. On January 31, 2014, the Court granted the motion for expedited discovery. ECF No. 6. The order directed the ISP to delay producing the subpoenaed information until it had provided the subscriber with "[n]otice that this suit had been filed naming the Doe Subscriber as the one that allegedly downloaded the copyright protected work;" a copy of the subpoena, complaint, and order; and notice that the ISP would comply with the subpoena within 30 days unless the subscriber filed a motion to quash. *See* ECF No. 6 at 3-4. The order also stated that if Malibu Media determines that the information obtained from the ISP "is insufficient to support the filing of an amended complaint" naming the individual defendant, Malibu Media may "[s]erve a subpoena pursuant to Rule 45(a)(1)(B) commanding the Subscriber to appear and attend a deposition to answer questions regarding whether the Subscriber was responsible for downloading the copyrighted work alleged in the original complaint." ECF No. 6 at 5.

On January 31, 2014, Malibu Media subpoenaed the Defendant's ISP, Comcast. *See* ECF No. 9 at 1. On March 20, 2014, Malibu Media received the ISP's response to the subpoena. *Id.* On March 31, 2014, Malibu Media subpoenaed the subscriber requiring him to appear for a deposition "for the purpose of

determining whether the Subscriber was responsible for downloading the copyrighted work." *See* ECF No. 8-1 at 1-4. On April 21, 2014, the Defendant filed an ex parte motion to quash the subpoena directed to the subscriber. *See* ECF No. 8 at 3; ECF No. 8-1 at 1, 3. The Defendant alleges neither he nor the subscriber received notice of the subpoena served on Comcast. *See* ECF No. 8 at 2. Malibu Media did not respond to the Defendant's motion.

II. Analysis

The Defendant seeks to quash the subpoena requiring the deposition testimony of the IP address subscriber. *See* ECF No. 8 at 1. Under Rule 45, the Court must quash or modify a subpoena if it does not allow a reasonable time for compliance, requires a non-party to travel more than 100 miles, requires the disclosure of privileged or protected information, or it subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

The Defendant argues that the subpoena should be quashed because it is "overly broad" and irrelevant. *See* ECF No. 8 at 4. Although Rule 45 does not include overbreadth or irrelevance as reasons to quash a subpoena, the grounds in Rule 45 are co-extensive with the general rules governing discovery under Rule 26. *See HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (*citing Cooke v. Howard*, 484 F.

App'x 805, 812 (4th Cir. 2012) (unpublished)). Under Rule 26, discovery must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Here, the subpoena seeks the testimony of the IP address subscriber for the limited purpose of determining whether the subscriber was responsible for downloading the copyrighted work. *See* ECF No. 8-1 at 3. This information is necessary for Malibu Media to identify the proper defendant. The identity of the Defendant cannot be obtained from a more convenient source. Because the subpoena is tailored to a particular purpose, and the information it seeks is relevant to Malibu Media's copyright infringement claim, the subpoena will not be quashed on this basis.

The Defendant also contends that the subpoena should be quashed because it places an undue burden on the subscriber. *See* ECF No. 8 at 4. Whether a subpoena subjects a witness to an undue burden is a question of the subpoena's reasonableness, requiring the Court to weigh the subpoena's benefits and burdens and consider whether the information is necessary or available from another source. *See Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 438 (D. Md. 2012). Here, the subpoena seeks the testimony of the IP address subscriber regarding the identity of the copyright infringer. *See* ECF No. 8-1 at 3. The deposition is limited to an hour. *See id*. This information is necessary to determine the proper defendant, and it cannot be obtained from

another source. Accordingly, the subpoena does subject the witness to an undue burden.

The Defendant also generally argues that the subpoena should be quashed because the subscriber is not the real infringer of the copyright. *See* ECF No. 8 at 4. "[I]t is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *Third Degree Films*, 2012 WL 6690055 at *3 (internal citations and quotation marks omitted). Additionally, the subscriber is being subpoenaed for information as to who may have infringed the copyright when using that IP address. If the subscriber is later named as the defendant in this case, he will have an opportunity to contest the merits of the case then. Because the Defendant has not demonstrated that quashing the subpoena served on the IP address subscriber is appropriate, the motion will be denied.[2]

---

[2] To the extent that the ISP did not comply with the court order by properly notifying the subscriber before providing Malibu Media with his identity, the Defendant was not prejudiced by this procedural error. Courts in this district have consistently denied motions to quash subpoenas directed at ISPs in similar cases. *See, e.g., Cine Tel Films*, 853 F. Supp. 2d. at 557; *Third Degree Films*, 2012 WL 669055 at *3-4; *Raw Films, Ltd. V. Does 1-8*, No. 12-CV-00090-AW, 2012 WL 1432212, at *3 (D. Md. April 23, 2012); *Patrick Collins, Inc. v. Does 1-22*, No. 11-CV-01772-AW, 2011 WL 5439005, at *4-5 (D. Md. Nov. 8, 2011).

III. Conclusion

For the reasons stated above, the Defendant's motion to quash will be denied.

_____6/23/14_____                    _____
Date                                 William D. Quarles, Jr.
                                     United States District Judge